**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DIRECTV, INC.,** | : | **CIVIL ACTION NO. 1:11-CV-00231** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KIMBERLY S. CIBULKA,** | : | |
| **Individually, and as officer, director,** | : | |
| **shareholder, and/or principal of** | : | |
| **RYAN'S ROOM INC., d/b/a SUDSY'S** | : | |
| **SPORTS BAR & GRILL, a/k/a** | : | |
| **SUDSY'S and RYAN'S ROOM INC.,** | : | |
| **d/b/a/ SUDSY'S SPORTS BAR &** | : | |
| **GRILL a/k/a SUDSY'S** | : | |
| | : | |
| **Defendants** | : | |

## ORDER & JUDGMENT

AND NOW, this 29th day of July, 2011, upon consideration of the motion

(Doc. 10) for default judgment, filed by DIRECTV, Inc., ("DIRECTV"), against

defendants Kimberly S. Cibulka ("Cibulka"), Individually, and as officer, director

and/or principal of Sudsy's Sports Bar & Grill ("Sudsy's"), and Ryan's Room Inc.,[1]

and upon further consideration of the affidavits attached thereto, and it appearing

that the summons and complaint were served on a person of suitable age and

discretion at Cibulka's dwelling on February 22, 2011, (see Doc. 4), but that, as of

the date of this order, Cibulka has not filed a response, see FED. R. CIV. P. 12

---

[1] DIRECTV voluntarily dismissed Ryan's Room Inc. from the instant litigation on May 12, 2011, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (See Doc. 6).

(stating that "[a] defendant must serve an answer . . . within 21 days after being

served with the summons and complaint"), or entered an appearance in the

above-captioned case, and it further appearing that default was entered in the

above-captioned case on May 27, 2011 (Doc. 9), and the court finding that entry of

default judgment is appropriate, and the court concluding that Cibulka may be held

individually liable for violations of Federal Communications Act, Title 47 of the

United States Code, Section 605, by Sudsy's for the broadcast of week three of

"NFL Sunday Ticket" at the Sudsy's establishment without payment of the

requisite licensing fees to DIRECTV,[2] and the court finding that a statutory

damages award of $2,500 for the violation of § 605 is appropriate,[3] see 47 U.S.C. §

---

[2] Vicarious liability is proper when the defendant "has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities."  See Parker v. Google, Inc, 242 F. App'x 833, 837 (3d Cir. 2007) (citing Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)).  Courts consider a financial interest to be present when infringing materials act as a draw for customers.  Parker, 242 F. App'x at 837 (citing Ellison v. Robertson, 357 F.3d 1072, 1078 (9th Cir. 2004)).
    Vicarious liability is proper in the instant litigation.  Cibulka is the proprietor of Sudsy's.  (See Doc. 11, at 13).  As such, Cibulka has both the right and ability to supervise the distribution of "NFL Sunday Ticket" to patrons, as well as a financial interest in attracting patrons to Sudsy's through the distribution of "NFL Sunday Ticket."  Moreover, Sudsy's displayed a billboard advertising "NFL Sunday."  (See Doc. 11, at 12; Doc. 10-2, at 11); see Parker, 242 F. App'x at 837 (quoting Ellison, 357 F.3d at 1079) ("There is no requirement that the draw be 'substantial.'").

[3] Pursuant to § 605 "the party aggrieved may recover an award of statutory damages . . in a sum of not less than $1,000 or more than $10,000, as the court considers just," however, DIRECTV has the burden to show that an award of damages greater than the statutory minimum is warranted.  See 47 U.S.C. § 605(e)(3)(C)(i)(II); Directv, Inc. v. Walsh, 540 F. Supp. 2d 553 (M.D. Pa. 2008).

605(e)(3)(C)(i)(II) (stating that "the party aggrieved may recover an award of

statutory damages for each violation of subsection (a) of this section involved in the

action in a sum of not less than $1,000 or more than $10,000"), and the court

concluding that enhanced damages are appropriate,[4] see 47 U.S.C. § 605(e)(3)(C)(ii)

(stating that where "the court finds that the violation was committed willfully and

for purposes of direct or indirect commercial advantage or private financial gain,

the court in its discretion may increase the award of damages, whether actual or

statutory, by an amount of not more than $100,000 for each violation"), and the

---

DIRECTV presents evidence that Sudsy's advertised the exhibition of NFL Sunday games along with food and drink specials, and claims that this warrants the maximum statutory damages award of $10,000. (Doc. 11, at 12-13). However, the court finds that a statutory damages award of $2,500 is just and appropriate under the circumstances of this case. See Kingvision Pay-Per-View, LTD v. Lardo, Civ. A. No. 10-cv-0059, 2010 WL 3463316, at * 3 (E.D. Pa. Sept. 1, 2010) (awarding statutory damages in the amount of $3,000 without indication of advertising or food and drink specials); c.f. Walsh, 540 F. Supp. 2d at 560 (awarding statutory damages of $1,000 for a single violation of § 605(a) when DIRECTV failed to advance any argument for a statutory damages award greater than the statutory minimum); Joe Hand Promotions v. Burg's Lounge, 955 F. Supp. 42 (E.D. Pa. 1997) (awarding statutory damages of $1,000); Kingvision Pay-Per-View Ltd. v. Autar, 426 F. Supp. 2d 59 (E.D. N.Y. 2006) (awarding $1,000 to bar owner who intercepted sporting event).

[4] DIRECTV contends that the instant violation was committed willfully and for the purposes of commercial advantage. (See Doc. 13). The court agrees. Cibulka advertised "NFL Sunday" on a large billboard outside the Sudsy's establishment. (See Doc. 10-2 at 11). The billboard further advertised premiums on food and drink, thereby indicating that Sudsy's used the illegal NFL broadcast for the purposes of commercial advantage. An award of treble damages is appropriate and will help to deter Cibulka from further illegal broadcasts. See Lardo, 2010 WL 3463316, at *4 (awarding triple the statutory award); see also J&J Sports Productions, Inc., v. Guzman, 553 F. Supp. 2d 195 (E.D. N.Y. 2008).

court further concluding that the requested attorneys' fees and costs are

reasonable,[5] it is hereby ORDERED that:

1. The motion (Doc. 10) for default judgment is GRANTED.

2. DEFAULT JUDGMENT is entered in favor of DIRECTV and against defendant Kimberly S. Cibulka, Individually, and as officer, director, shareholder, and/or principal of Ryan's Room Inc., d/b/a/ Sudsy's Sports Bar & Grill, a/k/a Sudsy's, in the amount of $12,225.00 plus interest, consisting of:

   a. Statutory damages in the amount of $2,500.00, plus interest, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).

   b. Enhanced damages in the amount of $7,500.00, plus interest, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).

   c. Attorneys fees in the amount of $2,225.00, plus interest, pursuant to 47 U.S.C. § 605(e)(3)(B)(ii).

3. The Clerk of Court is directed to CLOSE this case.

　S/ Christopher C. Conner　
CHRISTOPHER C. CONNER
United States District Judge

---

[5] Wayne D. Lonstein, Esquire ("Attorney Lonstein"), counsel for DIRECTV, submitted a detailed affidavit on the experience and hourly rate of the attorneys providing legal services to DIRECTV in this matter. (Doc. 10-1). Julie Cohen Lonstein, Esquire has twenty years experience as a practicing attorney, and Dawn M. Conklin, Esquire has fourteen years experience as a practicing attorney. (Id. ¶ 9). The court finds the hourly rate of $200, charged to DIRECTV in this matter to be reasonable and appropriate given the significant experience and expertise of the attorneys involved. The court further finds the total number of hours (9.95) devoted to this matter, and as clearly delineated in Attorney Lonstein's affidavit, to be reasonable and appropriate given the amount of work performed.